UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:  	Case No. 15-30686-DHW
	Chapter 13
WILLIE D. LEWIS,

    Debtor.

## MEMORANDUM OPINION

Before the court is the debtor's objection to the claim of the IRS (Doc. #11). At issue is the debtor's liability for tax year 2004. Specifically, the debtor contends that because the IRS filed a Certificate of Release of Federal Tax Lien regarding the debtor's 2004 taxes, both the lien and the underlying liability were released. For the following reasons, the debtor's objection to the claim will be overruled.

### Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from an order to The United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because at issue here is the allowance or disallowance of a claim, this is a core proceeding under 28 U.S.C. § 157(b)(2)(B) thereby extending this court's jurisdiction to the entry of a final order or judgment.

### Stipulated Facts

The debtor did not timely file a return for tax year 2004. The IRS assessed the debtor's 2004 tax liability on November 30, 2009. Thereafter, on June 18, 2010, the debtor filed a return for 2004. However, on July 8, 2010, the IRS filed, based upon its assessment of the debtor's tax liability, a notice of tax lien in Montgomery County, Alabama.

On November 22, 2010, the IRS filed a Certificate of Release of Federal Tax Lien. That certificate states that the "taxpayer, under the requirements of section 6325(a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by the Code section 6321 for these taxes and additions has been released." *See* Doc. #11, Exhibit C.

On March 31, 2011, the IRS began an examination of the debtor's 2004 tax return. There, it concluded that the debtor had omitted significant income from the 2004 return, and on January 5, 2012, sent the debtor a notice of deficiency. Later, on June 11, 2012, the deficiency amount, together with interest and penalties, was determined and assessed against the debtor. Then, on January 23, 2015, the IRS filed a second notice of federal tax lien against the debtor in Montgomery County, Alabama.

## Conclusions of Law

The debtor contends that the IRS's certificate of lien release not only released its lien, but also, was tantamount to an admission that the debtor had no further tax liability for the 2004 tax year beyond that which the debtor had self-assessed through his volitional return

In support of those contentions, the debtor cites the court to three cases. The first, *Griswold v. United States*, 59 F.3d 1571 (11th Cir. 1995), deals with a taxpayer who accused the IRS of failing to properly release a satisfied tax lien. There, the Eleventh Circuit determined the proper procedures for the filing of a tax lien release and enumerated the information that the certificate must properly contain to effectuate the release. In the case *sub judice*, the debtor does not contend that the IRS improperly released its lien. To the contrary, the debtor relies upon that release as a basis for claiming that his liability for the 2004 taxes was also released. Hence, *Griswold* has little bearing on the matters at issue here.

Next, the debtor points to *Creel v. C.I.R.*, 419 F.3d 1135 (11th Cir. 2005). The taxpayer in *Creel*, as in this case, failed to file tax returns. Unlike in this case, Creel was criminally prosecuted, found guilty, and a district court ordered him to pay the tax liability as restitution. Following Creel's restitution payments, the United States Attorney issued a satisfaction of judgment and signed a cancellation and release of lien. Later, the IRS maintained that additional taxes for the period were owed beyond that agreed to by the Unites States Attorney. The questions, then, before the Eleventh Circuit were whether the United States Attorney acted within his authority in settling the criminal tax matter and whether the satisfaction of the criminal restitution obligation precluded collection of additional civil tax liabilities. The court held that the United States Attorney had such authority and that the civil tax liabilities were inextricably intertwined so as to preclude collection of additional taxes. In the case at bar, there was no settlement of the debtor's 2004 taxes. Once the debtor filed a volitional return showing no taxes due for the period, the

government was obligated to release its lien relying exclusively on the taxpayer's return. In that release, it recognized, based entirely on the taxpayer's return, that no taxes were due. Therefore, *Creel*, in the undersigned's view, is not analogous.

Lastly, the debtor cites the court to *Romano-Murphy v. C.I.R.*, No. 13-13186, 2016 WL 860990 (11th Cir. Mar. 7, 2016). There, the taxpayer argued that an assessment was invalid because the IRS denied her a hearing and failed to make an administrative determination regarding her protest before making an assessment and filing a lien. The issues resolved by the Eleventh Circuit in *Romano-Murphy* are distinct from the issues set forth here. In the case before this court, the debtor never raised the issue of notice or argued that he was denied a hearing prior to assessment. Thus, *Romano-Murphy* is of little or no aid in deciding the issues presented here.

Contrary to debtor's contentions, the release of a tax lien does not also release the underlying liability. *Boyer v. C.I.R.*, 86 T.C.M. (CCH) 615 (T.C. 2003) ("It is well settled that although a certificate of tax lien release is conclusive that the *lien* is extinguished, it is not conclusive that the *tax liability* is extinguished.") (emphasis in original); *See also Angier Corp. v. Commission,* 50 F. 2d 887, 892 (1st Cir. 1931); *Baker v. Commissioner*, 24 T.C. 1021, 1025, 1955 WL 647 (1955); *United States v. Smith*, No. CV10-2358-PHX-DGC, 2012 WL 2317770 (D. Ariz. 2012) aff'd, 595 F. App'x 719 (9th Cir. 2015); *United States v. Qurashi*, 2004 WL 1771071 (M.D. Fla. June 16, 2004); *United States v. DeTar*, No. 1:04-CV-749, 2009 WL 2252822, at *3 (W.D. Mich. July 28, 2009)("Section 6325 provides that releases are conclusive with respect to release of the liens, but it does not indicate that the releases are conclusive with respect to satisfaction of the underlying tax liabilities."). Thus by filing a release of its lien, the government did not release or disavow the debtor's tax liability.

Finally, the debtor maintains that even if the IRS mistakenly released its lien, it did not follow the prescribed statutory process of 26 U.S.C. § 6325(f)(2) for revocation of a certificate of lien release. That section of the tax code provides:

> "If the Secretary determines that a certificate of release or nonattachment of a lien imposed by section 6321 was issued erroneously or improvidently, or if a certificate of release of such lien was issued pursuant to a collateral agreement entered into in connection with a compromise under section 7122 which has been breached, and if the period of limitation on collection after assessment has not expired, the Secretary may revoke such certificate and reinstate the lien—

    (A) by mailing notice of such revocation to the person against whom the tax was assessed at his last known address, and
    (B) by filing notice of such revocation in the same office in which the notice of lien to which it relates was filed (if such notice of lien had been filed)."

26 U.S.C. § 6325(f)(2). The procedures for revocation are inapplicable here. The IRS did not release its original lien erroneously or improvidently. Instead, the IRS took at face value the information contained in the debtor's tax return and, relying upon that information, the IRS released the lien. The release was issued purposefully and intentionally because, according to the debtor's return, the liability was satisfied. The language contained in the certificate of release stating that debtor "satisfied the taxes listed below" was predicated upon the information contained in debtor's tax return. Following an examination of the debtor's volitional return, the IRS discovered that taxes were due. Based on that examination, the IRS again assessed the tax and filed a second notice of lien. Nothing in the statute precludes a reassessment of this nature. The second filing of the lien was based on examination not error, thus, the revocation of release procedures were unnecessary.

## Conclusion

For the foregoing reasons, the court finds that the debtor's objection to the claim of the IRS is not well taken. Hence, a separate order will enter overruling the objection and allowing the claim as filed.

Done this the 30th day of March, 2016.

Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Gregory E. Tolar, Attorney for Debtor
   William B. Sellers, Attorney for Debtor
   Michael May, Attorney for IRS